IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BANK OF HOPE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:20-CV-155-MHT-SRW |
| DAYK ENTERPRISES, INC., d/b/a COUNTRY INN & SUITES MONTGOMERY EAST, *et al.*, | ) ) ) ) ) |
|     Defendants. | ) |

## ORDER AND RECOMMENDATION[1]

This matter is before the court on plaintiff Bank of Hope's Motion to Appoint Receiver (Doc. 2), and Amended Application for Entry of Default (Doc. 13).

**I.     Background**

Plaintiff Bank of Hope, as successor by merger to BBCN Bank, is the holder of a Small Business Administration Real Estate Note No. 20554166, executed by defendant Dayk Enterprises, Inc., DBA Country Inn & Suites Montgomery East ("Dayk Enterprises"), and secured by a mortgage for the real property, which was guaranteed by defendants Sae Son Song and Dae Sun Song on or about August 7, 2014. *See* Doc. 1, Exs. A-G. Plaintiff alleges that defendant Dayk Enterprises failed to make monthly payments due under the note beginning in August 2018, which resulted in the default of the note, and also failed to cure the default after receiving written notice from plaintiff. Doc. 1 ¶ 21.

---

[1] United States District Judge Myron H. Thompson referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. *See* Doc. 20.

Thereafter, plaintiff declared all unpaid principal and interest and all other amounts owing under the note immediately due and payable, and so notified Dayk Enterprises by letter dated January 10, 2019. *Id.* ¶ 22; Ex. G.

In March 2020, plaintiff filed suit against the defendants in this court. The complaint pleads two counts: action on the note against the borrower (Count I), and action on guaranties against the guarantors (Count II). Plaintiff contemporaneously filed a motion to appoint receiver (Doc. 2) and a memorandum supporting its motion (Doc. 3). Plaintiff's memorandum argues both that plaintiff is entitled to appointment of a receiver as a matter of right under the applicable loan documents,[2] and that equity strongly favors the appointment of a receiver. Doc. 3 at 8.

Plaintiff alleges that Dayk Enterprises defaulted on the note by failing to make monthly payments to plaintiff beginning on 2018, and defaulted on the mortgage by failing to notify plaintiff of severe water damage to the hotel and failing to keep plaintiff apprised of the resulting insurance claim arising from the loss and the use of proceeds from the insurance claim. *See id.* at 4. The mortgage signed by plaintiff and Dayk Enterprises states that upon the occurrence of an event of default,

> Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the property; to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply those proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve

---

[2] Plaintiff refers collectively to the following as the "loan documents": the SBA Real Estate Note (Doc. 1 Ex. A); the mortgage which grants plaintiff a security interest in the real property constituting defendant Dayk Enterprises's hotel, and against which the note is secured (Doc. 1 Ex. B); an assignment of rents granting plaintiff a continuing security interest the rents from the hotel (Doc. 1 Ex. C); and a commercial security agreement granting plaintiff a security interest in the proceeds, property, products, other intangibles, and records and data relating to the hotel (Doc. 1 Ex. D). *See* Doc. 3 at 2-3.

2

> without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from service as a receiver.

Doc. 1 Ex. B. at 6. Plaintiff contends that, as successor to the "Lender" (designated as BBCN Bank by the mortgage), it is entitled to appointment of a receiver as a matter of right under the loan documents, inasmuch as Dayk Enterprises has failed to cure the defaults under the loan documents. *See* Doc. 3 at 8.

Plaintiff further maintains that equitable factors strongly favor the appointment of a receiver, for the following reasons: (1) plaintiff has a valid breach of contract claim because Dayk Enterprises has failed to make monthly payments as required by the note, failed to notify plaintiff promptly of significant damage to the property, failed to make any payment on the note since June 2019, and failed to provide a plan for curing its numerous defaults; (2) there is imminent danger to the value of the property because the amount owed to plaintiff by Dayk Enterprises exceeds the value of the hotel and Dayk Enterprises other assets, and it cannot afford the necessary repairs to the property; (3) plaintiff has no power or authority to protect its interest in the property or collect income generated from the operation of the property absent appointment of a receiver; and (4) the appointment of a receiver will do more good than harm because a receiver will manage and operate the property in a professional manner. *See* Doc. 3 at 9-10.

As discussed below, defendant Dayk Enterprises, the borrower, has failed to respond or otherwise to defend this action through counsel of record. *See* Doc. 15. Defendants Dae Son Song and Kang Sun Song, the guarantors, contend that plaintiff's motion to appoint receiver is "not necessary and premature" because there is no imminent

3

danger of property's being lost, diminished in value, or squandered; that defendants can and will continue to operate the hotel; and that, at present, defendants are maintaining the *status quo* and preserving the assets. *See* Doc. 12.

## II.   Motion to Appoint Receiver

Plaintiff's motion to appoint receiver presents a question of federal law. *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291-92 (11th Cir. 1998) ("We therefore hold that federal law governs the appointment of a receiver by a federal court exercising diversity jurisdiction."). Rule 66 of the Federal Rules of Civil Procedure provides that "[t]hese rules govern an action in which the appointment of a receiver is sought . . . the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66.

"A district court's appointment of a receiver . . . 'is an extraordinary equitable remedy.' And equity intervenes only when there is no remedy at law or the remedy is inadequate." *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (quoting Moore's Federal Practice § 66.04[2][a] (3d. ed. 2010)). Appointment of a receiver is a matter of discretion for the district court. *See Nat'l P'ship*, 153 F.3d at 1292. *See also Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) ("Receivership is . . . justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties") (citing 12 C. Wright & A. Miller, Federal Practice and Procedure § 2983 (3d ed. 2012)); *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241-42 (5th Cir. 1997)); *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) ("Under

4

federal law, appointing a receiver is an extraordinary equitable remedy, which should be applied with caution.") (internal quotations and citations omitted); *Aviation Supply Corp. v. R.S.B.I. Aerospace Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) ("A receiver is an extraordinary equitable remedy that is only justified in extreme situations").

      A.      **Contractual Basis for Appointment of Receiver**

Plaintiff contends that it is entitled to a receiver as a matter of right because Dayk Enterprises has defaulted on the loan by failing to make monthly payments as required under the notes and failing to notify plaintiff promptly of significant damage to the property. Plaintiff argues that, as a creditor with a security interest in real property, it has a well-established interest in the property sufficient to support the appointment of a receiver, that it is appropriate to appoint a receiver when a borrower commits repeated events of default under the loan documents, and that courts have consistently read such clauses to permit the appointment of a receiver. In support of this contention, plaintiff cites a district court case which suggests that contractual receiver clauses are entitled to great weight.

The Eleventh Circuit and other federal courts have held that "the appointment of a receiver in equity is not a substantive right." *Nat'l P'ship*, 153 F.3d at 1291. "[T]he discretionary, equitable nature of the receivership remedy, as memorialized by historical practice in federal courts, would be destroyed if a plaintiff could lock in a positive legal right to appointment of a receiver through including of ironclad consent language in the underlying security instrument." *PNC Bank, N.A. v. Presbyterian Ret. Corp.*, 2014 U.S. Dist. LEXIS 159724, at *13 (S.D. Ala. Nov. 13, 2014). Consequently, this court concludes that contractual consent to the appointment of a receiver is not dispositive of the issue, but serves only as a non-dispositive factor—albeit one to be given substantial weight—in the

equitable analysis. *See id.* at *14-16 (collecting cases). Accordingly, the court weighs the contractual receiver clause together with other equitable factors below.

### B. Equitable Basis for Appointment of Receiver

While "[t]here is no rote 'checklist' of mandatory factors or criteria to be applied . . . federal courts weigh all relevant considerations" in making a determination of whether to appoint a receiver on the basis of equity. *PNC Bank, N.A.*, 2014 U.S. Dist. LEXIS 159724, at *18 (citing *Aviation Supply Corp.*, 999 F.2d at 316). Factors that may be relevant include:

> (i) "whether [the party] seeking the appointment has a valid claim;" (ii) "whether there is fraudulent conduct or the probability of fraudulent conduct" by the defendant; (iii) "whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;" (iv) "whether legal remedies are inadequate;" (v) the balance of harms as between the party seeking appointment of a receiver and those opposing it; (vi) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property;" and (vii) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership."

*Id.* at *18-19 (quoting *Canada Life*, 563 F.3d at 844).

Plaintiff relies on several of the above factors. First, it submits that it has a valid claim against defendants for breach of contract. And, indeed, the undisputed account history submitted by plaintiff shows that no payments were made on the note between July 26, 2018 and February 27, 2019, and that only one further payment was made on June 10, 2019 during the ensuing year. *See* Doc. 1, Ex. H at 5-6. The note states that Dayk Enterprises is in default if it fails to make a payment when due under the note, and if it "A. Fails to do anything required by this Note and other Loan Documents"; "C. Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds"; "D.

6

Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA"; or "K. Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this note." *Id.*, Ex. A at 3. The mortgage and assignment of rents provide that in case of a default, plaintiff has the right to have a receiver appointed to take possession of the property and collect rents. *See id.*, Exs. B-C. Also, defendants Dae Son Song and Kang Sun Song are unconditional guarantors of Dayk Enterprises with respect to the loan documents. *See id.*, Exs. E-F. Thus, the court finds that plaintiff's claim to appointment of a receiver is supported by the express language of the loan documents. As discussed above, while plaintiff's contractual claim is not dispositive, the court gives this factor substantial weight in favor of appointing a receiver.

Plaintiff argues that there is imminent danger to the value of the property because defendants cannot afford necessary repairs. Plaintiff submits that a recent appraisal indicated that the market value of the property was $3,475,000, while Dayk Enterprises owes in excess of $4,790,881. Plaintiff alleges that Dayk Enterprises has not made a payment on the note since June 2019, but has continued to operate the hotel and collected proceeds while failing to cure the payment default. Plaintiff also alleges that the property was severely damaged by water overflow, and that Dayk Enterprises failed to notify plaintiff of the loss or keep plaintiff informed of the insurance claim arising from that loss. Defendants do not meaningfully dispute these allegations, making only bare, conclusory assertions that there is no imminent danger of the property's being lost, diminished in value, or squandered. Further, where the value of the property does not exceed the value of defendants' indebtedness, defendants may have little or no financial incentive to maintain

the property, making the situation ripe for abuse and waste. *See Branch Banking & Trust Co. v. McIntyre Land Co.*, 2020 U.S. Dist. LEXIS 112924, at *7-8 (M.D. Ala. June 26, 2020). This factor also weighs in favor of the appointment of a receiver.

Plaintiff avers that Dayk Enterprises continues to ignore its obligations under the loan documents, and that there is no less drastic remedy which would allow it to protect its interests in the property or collect from the income stream generated from the operation of the property. Defendants Dae Son Song and Kang Sun Song do not meaningfully dispute this contention. This factor also weighs in favor of the appointment of a receiver.

Plaintiff also argues that appointment of a receiver will do more good than harm. Dayk Enterprises continues to operate and collect proceeds from the property without making payments on the note, and the appointment of a receiver will allow proceeds from the operation of the property to go toward the unpaid amount. This factor also weighs in favor of the appointment of a receiver.

### III.   Amended Application for Entry of Default

Plaintiff initially filed an application for entry of default against all defendants (Doc. 11) on April 6, 2020, prior to its receipt of the Defendants' answer (Doc. 12), filed on April 1, 2020 and entered on April 7, 2020. Plaintiff subsequently filed an amended application for entry of default against defendant Dayk Enterprises for failure to respond under Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 13) and a motion to strike Dayk Enterprises' *pro se* answer. The court granted plaintiff's motion to strike to the extent that the answer and opposition to motion to appoint receiver was filed by Dayk Enterprises, and cautioned that Dayk Enterprise's failure to appear and defend this action through counsel of record may result in a default judgment's being entered against it. *See* Doc. 15. In the

Eleventh Circuit, corporate entities may not appear *pro se*. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.") (internal citation omitted). *See also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (internal citations omitted); *Udoinyion v. Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (applying the rule to corporate defendants).

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 or days after being served with a summons or complaint if it has not timely waived service under Rule 4(d). Fed. R. Civ. P. 12(a)(1)(A)(i). There are two steps to obtaining judgment by default: a default entered by the court, and a subsequent judgment by default entered by the court. *See Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008); *see also Beepot v. JP Morgan Chase Nat'l Corp. Servs.*, 626 F. App'x 935, 937 (11th Cir. 2015) ("The Federal Rules also provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In that situation, the court may enter a default judgment upon application of the other party. Fed. R. Civ. P. 55(b)(2)"). Once the clerk has entered default against a defendant, a plaintiff

9

may move the court to enter judgment by default pursuant to Rule 55(b)(2), and the court may conduct hearings to enter or effectuate a judgment, if necessary. *Id.*

Plaintiff's complaint was filed on March 5, 2020. Defendant Dayk Enterprises purported to file a *pro se* answer through Dae Sun Song, who is a co-defendant and guarantor for Dayk Enterprises, and the court struck that answer to the extent that it was filed by Dayk Enterprises without counsel in an order dated April 29, 2020. In the more than six months that have elapsed since this court's order, Dayk Enterprises has failed to obtain counsel or to respond to the complaint. Despite notice to Dayk Enterprises that it must appear and defend this action through counsel, and ample opportunity for Dayk Enterprises to obtain counsel, no attorney has entered an appearance on behalf of Dayk Enterprises to this date. Therefore, Dayk Enterprises has failed to plead or otherwise defend against this action, and an entry of default by the Clerk of Court is appropriate.

### IV. Conclusion

Based on the foregoing, it is

**ORDERED** that plaintiff's amended application for entry of default (Doc. 13) is **GRANTED**. The Clerk of the Court shall enter default against defendant Dayk Enterprises.

In addition, the undersigned **RECOMMENDS** that plaintiff's motion to appoint receiver (Doc. 2) be granted. Plaintiff maintains that Trigild Hospitality, the proposed receiver, is well qualified and has extensive experience acting as receiver of properties like the receivership property. Defendants do not dispute this contention. Plaintiff has submitted a proposed order for the appointment of Trigild Hospitality as receiver.

It is further

**ORDERED** that the parties shall file any objections to this Recommendation on or before **December 18, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this the 4th day of December, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge