IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BANK OF HOPE, | ) |
| | ) |
| v. | ) NO. 2:20-cv-00155-MHT-SRW |
| | ) |
| DAYK ENTERPRISES, INC., d/b/a, | ) |
| COUNTRY INN & SUITES | ) |
| MONTGOMERY EAST, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION[1]

Before the court are Plaintiff Bank of Hope's motion for summary judgment (Doc. 21) and motion requesting a hearing on the motion for summary judgment (Do. 23). The court ordered Defendants to respond to Plaintiff's motion, *see* Doc. 26, but, as of this date, no Defendant has filed a response.

**I.   Introduction**

Plaintiff Bank of Hope, as successor by merger to BBCN Bank, is the holder of a Small Business Administration Real Estate Note No. 20554166, executed by Defendant Dayk Enterprises, Inc., DBA Country Inn & Suites Montgomery East ("Dayk Enterprises"), and secured by a mortgage for the real property, which was guaranteed by Defendants Dae Son Song and Kang Sun Song on or about August 7, 2014. *See* Doc. 1, Exs. A-G. Plaintiff alleges that Defendant Dayk Enterprises failed to make monthly payments due under the note beginning in August 2018 which

---

[1] United States District Judge Myron H. Thompson referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. *See* Doc. 20.

resulted in the default of the note, and also failed to cure the default after receiving written notice from plaintiff. (Doc. 1, at ¶ 21). Thereafter, Plaintiff declared all unpaid principal and interest and all other amounts owing under the note immediately due and payable, and so notified Dayk Enterprises by letter dated January 10, 2019. *Id*. at ¶ 22; Ex. G. Plaintiff alleges that the outstanding principal and accrued but unpaid interest owing under the note as of February 14, 2020, exclusive of costs of collection and attorney's fees, is $4,790,881.66. *Id*. at ¶ 23.

Plaintiff is a California-chartered bank headquartered in Los Angeles, California. *Id*. at ¶ 1. Defendant Dayk Enterprises is an Alabama corporation with its principal place of business in Montgomery, Alabama, and Dae Son Song is its registered agent. *Id.* at ¶¶ 2-3. Plaintiff alleges that Defendants Dae Son Song and Kang Sun Song are residents of Alabama. *Id.* at ¶¶ 4-5. Plaintiff filed this action under 28 U.S.C. § 1332, the federal diversity statute. *Id*. at ¶ 6. The complaint pleads two counts: (1) action on the note against the borrower (Count I), and (2) action on guaranties against the guarantors (Count II). On December 9, 2020, the court entered an entry of default against Dayk Enterprises. (Doc. 25).

## II. Discussion

Courts are obligated to raise concerns about subject-matter jurisdiction *sua sponte*. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ*, 663 F.3d 1304, 1305 (11th Cir. 2011). The complaint predicates subject matter jurisdiction on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. It alleges that Defendants Dae Son Song and Kang Sun Song are residents of Alabama who reside in Huntsville, Alabama. (Doc. 1, at ¶¶ 4-5). However, for jurisdiction to rest on § 1332, a complaint must allege each party's citizenship, and those allegations must show diversity of citizenship between all plaintiffs and all defendants. *See Am. Motorists Ins. Co. v. Am. Emp. Ins.*

*Co.*, 600 F.2d 15, 16 (5th Cir. 1979).[2] "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, an allegation that a party is a "resident" of a state is not sufficient to establish that a party is a "citizen" of that state. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.").

**III.   Conclusion**

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for summary judgment (Doc. 21) and motion requesting a hearing on the motion for summary judgment (Do. 23) be DENIED WITHOUT PREJUDICE, and that Plaintiff be granted leave to file a motion to amend the complaint. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before September 2, 2021. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE, on this the 19th day of August, 2021.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge
