IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BANK OF HOPE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 2:20-cv-155-MHT-CWB |
| | ) |
| **DAYK ENTERPRISES, INC.** | ) |
| d/b/a Country Inn & Suites | ) |
| Montgomery East, | ) |
| | ) |
|     **Defendant.** | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a Motion for Default Judgment filed by Bank of Hope ("Plaintiff") against Dayk Enterprises, Inc. d/b/a Country Inn & Suites Montgomery East ("Dayk Enterprises"). (Doc. 40). Pursuant to 28 U.S.C § 636, referral previously was made to the Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 20). For the reasons set forth below, the Magistrate Judge now recommends that the Motion for Default Judgment be granted.

**I.     Procedural Background**

Plaintiff filed this action on March 5, 2020 against Dayk Enterprises as a means to collect sums allegedly due under SBA Real Estate Note No. 20554166, dated August 7, 2014. (Doc. 1 at ¶¶ 10, 34-39). Additional defendants were identified as Dae Son Song and Kang Sun Song, who were named as parties to an Unconditional Guarantee in favor of Plaintiff on the same underlying debt. (*Id*. at ¶¶ 18-19, 40-44). All of the sums claimed to be outstanding related to the operation of a hotel property in Montgomery, Alabama commonly known as Country Inn & Suites. (*Id.* at ¶¶ 8-16).

1

As relief, Plaintiff requested a monetary judgment against all defendants in the amount of $4,790,881.66, plus interest, attorney's fees, and costs. (*Id*. at p. 9). Plaintiff further requested the appointment of a receiver to operate and manage the hotel property. (*Id*. at pp. 7-8; *see also* Doc. 2). Upon recommendation of the Magistrate Judge, Trigild Hospitality was appointed as receiver over the hotel property on January 21, 2021. (Doc. 29).

During the same period that receivership was being pursued, Plaintiff also sought an entry of default against Dayk Enterprises. (Doc. 13). By Order dated April 29, 2020, Dayk Enterprises was expressly cautioned that "if it fails to appear and otherwise defend this action **through counsel of record**, default judgment may be entered against it." (Doc. 15) (emphasis in original). When no such appearance had been made within the ensuing six months, a formal default was entered against Dayk Enterprises on December 9, 2020. (Docs. 24 & 25).

The court later raised the issue of its jurisdiction *sua sponte* on August 19, 2021—observing that averments regarding the **residence** status of Dae Son Song and Kang Sun Song were insufficient to plead a complete diversity of **citizenship**. (Doc. 33). Plaintiff thus was granted leave to amend the Complaint to omit Dae Son Song and Kang Sun Song as defendants. (Docs. 33 & 35). Plaintiff did so by filing a First Amended Complaint on September 17, 2021 that contained only the claim against Dayk Enterprises for collection under SBA Real Estate Note No. 20554166. (Doc. 36).

A review of the docket reflects that Dayk Enterprises has taken no action since the entry of default on December 9, 2020.

## II.     Legal Standard

There are two steps to obtaining judgment by default: a default entered by the clerk; and a subsequent judgment by default entered by the court. *See* Fed. R. Civ. P. 55; *see also*

*Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008). Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a); *see also Beepot v. JP Morgan Chase Nat'l Corp. Servs.*, 626 F. App'x 935, 937 (11th Cir. 2015). Once the clerk has entered default against a defendant, a plaintiff may request that the court then enter judgment by default pursuant to Rule 55(b)(2). *Beepot*, 626 F. App'x 937 ("In that situation, the court may enter a default judgment upon application of the other party.") (citing Fed. R. Civ. P. 55(b)(2)).

**III.   Discussion**

This action was filed on March 5, 2020. (Doc. 1). Although Dayk Enterprises filed a *pro se* answer (Doc. 12), Plaintiff promptly moved to strike the filing on grounds that a corporate entity cannot appear on a *pro se* basis (Doc. 14). *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.") (internal citation omitted."); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Plaintiff additionally sought an entry of default against Dayk Enterprise at that time. (Doc. 13).

The court in turn granted the motion to strike the purported answer and further informed Dayk Enterprises that it must defend the action "through counsel of record" or face default judgment. (Doc. 15 at p. 2). After approximately six months without an appearance by counsel, the court directed entry of default against Dayk Enterprises on December 4, 2020. (Doc. 24). The clerk promptly entered the default on December 9, 2020. (Doc. 25). Review of the record reflects

3

that the entry of default was proper, *i.e.*, because Dayk Enterprises failed to timely plead or otherwise defend against the allegations after service of process was perfected on March 12, 2020. (Docs. 7 & 13). *See* Fed. R. Civ. P. 55(a).

Pursuant to Rule 55(b)(2), Plaintiff now seeks to have the court take the further step of entering a judgment by default against Dayk Enterprises. (Doc. 40). Granted, such a request is the typical next step after entry of default. *See* Fed. R. Civ. P. 55(b). The potential complication here, however, is that Plaintiff filed its First Amended Complaint after default was entered. (Docs. 25 & 36). It thus could be argued that a default judgment might be inappropriate unless Dayk Enterprises had been served with the First Amended Complaint and failed to "timely plead or otherwise defend" as to that filing.[1]

Fortunately, the text of Rule 5 sufficiently resolves any such concern. Although Rule 5(a) generally requires "a pleading filed after the original complaint" to be "served on every party," Rule 5(a)(2) clarifies that the obligation generally does not extend to defendants against whom default previously has been entered due to non-appearance:

> (2) *If a Party Fails to Appear.* No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Fed. R. Civ. P. 5(a)(2). Because the First Amended Complaint asserted no new claims for relief but merely omitted Dae Son Song and Kang Sun Song as defendants (Docs. 1 & 36), Plaintiff was under no obligation to have the First Amended Complaint served upon Dayk Enterprises—which at that time was already "in default for failing to appear." (Doc. 24, at p. 10; Doc. 25). *See also* Fed. R. Civ. P. 5(a)(2).

---

[1] The record contains no indication that the First Amended Complaint was served upon Dayk Enterprises.

4

With the default entered against Dayk Enterprises having been proper, and with no requirement that the First Amended Complaint be served upon Dayk Enterprises, all well-pleaded factual allegations must now be deemed admitted. *See, e.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("The effect of a default judgment is that the defendant '… admits the plaintiff's well-pleaded allegations of fact.'") (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). As pertinent here, the admitted allegations are (1) that Plaintiff is the holder of SBA Real Estate Note No. 20554166, (2) that Dayk Enterprises is the party obligated to make all corresponding payments, (3) that Dayk Enterprises has defaulted on its payment obligations, and (4) that Plaintiff has declared all unpaid principal, interest, and other amounts immediately due and payable from Dayk Enterprises. (Doc. 36 at ¶¶ 8, 10-11, 17-18).

The only issue remaining for determination by the court is the appropriate measure of damages to be awarded. In that regard, Plaintiff has submitted the Declaration of Sang Hyeon Cho in his capacity as Assistant Vice President and Special Assets Officer II to confirm the following amounts:

> As of December 7, 2022, Borrower owes Lender at least $5,760,429.50 which includes outstanding principal of $4,121,888.69, accrued but unpaid interest in the amount of $1,131,871.27, late charges of $86,081.62, and other miscellaneous charges totaling $420,587.92, but exclusive of attorney's fees and costs. Interest is continuing to accrue at the rate of $846.96 per diem. An itemized list of the miscellaneous charges is reflected on the payoff statement that is part of Exhibit F.

(40-2 at ¶ 13). Plaintiff additionally has submitted the Declaration of Gregory M. Taube in his capacity as legal counsel to confirm $52,126.39 in attorney's fees and expenses. (Doc. 40-3 at ¶ 10). The court finds that Plaintiff's requested damages have been sufficiently demonstrated through credible evidence such that a hearing would be neither necessary nor expedient.

## IV.     Conclusion

For the reasons set forth above, the undersigned Magistrate Judge hereby **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Doc. 40) be **GRANTED** and that judgment be entered against Dayk Enterprises, Inc. as follows:

- $4,121,888.69 in outstanding principal;
- $1,131,871.27 in accrued but unpaid interest through December 7, 2022;
- $86,081.62 in late charges;
- $420,587.92 in miscellaneous charges; and
- $52,126.39 in attorney's fees and expenses.

Moreover, the total amount of **$5,812,555.89** should be increased at a per diem rate of $846.96 from December 7, 2022 through the entry of final judgment.

It is hereby **ORDERED** that written objections to this Recommendation must be filed by December 28, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 14th day of December 2022.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE